ABE LIEBERMAN *vs.* HYMAN LAVENE.

Hampden.    October 19, 1925. — November 23, 1925.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract,* Performance and breach.    *Practice, Civil,* Premature action.

A lessee of real estate under a lease which had an unexpired term of three years and nine months, in order to procure assent by the lessor to his assigning the lease, paid the lessor $200 as security for the performance of the lease by the assignee, made the assignment of the lease and also made an agreement in writing with the assignee which, after a recital that the lessee had deposited $200 with the lessor "to be applied as rent for the last five months of the term," contained an agreement by the assignee that he would refund that amount with interest "when the last five months is reached, and said sum shall be paid as rent in monthly installments, for said five months." The assignee occupied for three months only and then paid no more rent. *Held,* that an action by the lessee against the assignee for the $200 and interest could not be maintained when the last five months of the term had not been reached and the $200 had not been paid for rent for those months.

CONTRACT for $200 deposited by the plaintiff with Samuel A. Canter under the agreement in writing described in the opinion. Writ in the District Court of Springfield dated April 27, 1923.

On removal to the Superior Court, the action was referred to an auditor. Material findings by the auditor are described in the opinion. The parties then waived trial by jury, and the action was heard upon the auditor's report by

*Weed,* J., who found and ordered judgment for the defendant. The plaintiff alleged exceptions.

The case was submitted on a brief for the plaintiff.

*A. A. Aronstam & A. Kamberg,* for the plaintiff.

No argument nor brief for the defendant.

CROSBY, J. This is an action of contract for money had and received. The case was referred to an auditor. The report of the auditor was the only evidence submitted to the judge of the Superior Court, who found for the defendant and allowed a motion for the entry of judgment in his favor on the report. A motion filed by the plaintiff for the entry of judgment in accordance with Rule 30 of the Superior Court (1923) was denied. The case is before us on exceptions of the plaintiff to the denial of his motion, and to the allowance of the motion filed by the defendant.

The auditor found that the plaintiff was the lessee of certain premises, under a written lease from one Canter, for a term of five years; that three years and nine months of the term had not expired; that the plaintiff desired to assign to the defendant his rights under the lease, but before the lessor would assent to the assignment he insisted that he be secured in the sum of $200 for the performance of the terms of the lease by the defendant; that upon the plaintiff giving the lessor $200 he assented to the assignment, and a certain agreement was then executed by the defendant and delivered to the plaintiff; that the defendant occupied the premises and paid the rent reserved for a period of three months, and then vacated the premises and paid no further rent; that at that time three years and six months of the term had not expired; that the lessor retained the $200 which was given to him by the plaintiff as security for the performance by the defendant of the terms of the lease. This action is brought to recover the amount so paid by the plaintiff to the lessor.

The agreement above referred to recites that the plaintiff "has deposited the sum of $200. with the lessor . . . which sum together with interest on same at 6% per annum is to be applied as rent for the last five months of the term," and the defendant agreed to refund said amount with interest to the plaintiff "when the last five months is reached, and said sum

shall be paid as rent in monthly installments, for said five months." It is manifest that, as the last five months of the lease had not been reached and the $200 has not been paid as rent for those months, the plaintiff cannot recover. The conditions under which the plaintiff was to have the amount paid by him refunded by the defendant have not been performed.

No error of law appears in the action of the court in ordering the entry of judgment for the defendant on the auditor's report.

*Exceptions overruled.*